1  CHRISTOPHER CHIOU
   Acting United States Attorney
2  District of Nevada
   Nevada Bar No. 14853
3  JAMES A. BLUM
   Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  (702) 388-6336
   james.blum@usdoj.gov
6  *Attorneys for the United States*

7

8
                    **UNITED STATES DISTRICT COURT**
9                      **DISTRICT OF NEVADA**

10

11 | UNITED STATES OF AMERICA,          | 3:20-CV-703-MMD-CLB

12 |                    Plaintiff,       | **Settlement Agreement for Entry of**
                                          **Judgment of Forfeiture as to**
13 |          v.                         | **Thomas Patton and Order**

14 | $285,450.00 IN UNITED STATES
15 | CURRENCY,

16 |                    Defendant.

17

18         The United States and Thomas Patton and his counsel, Jacek W. Lentz, agree as

19 follows:

20         1.      This case is a civil forfeiture action seeking to forfeit $285,450 under 18

21 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

22         2.      Thomas Patton does not admit (1) the facts in the Complaint for Forfeiture

23 in Rem (Complaint, ECF No. 3) and (2) that the United States can prove by preponderance

24 of the evidence the facts in the Complaint. This Settlement Agreement for Entry of

25 Judgment of Forfeiture as to Thomas Patton and Order (Settlement Agreement) shall not

26 constitute an admission of liability, wrongdoing, or fault on the part of Thomas Patton, and

27 to avoid delay, uncertainty, inconvenience, and expense of protracted litigation, the United

28 States and Thomas Patton reach a full and final settlement in this Settlement Agreement.

3.      The execution of this agreement does not constitute any admission of wrongdoing or fact by Thomas Patton or any other party except as otherwise expressly provided herein. This agreement is not admissible in any proceeding, civil or criminal, except for purposes of enforcing or interpreting the terms of the agreement.

4.      Thomas Patton knowingly and voluntarily agrees to the civil judicial forfeiture of the $285,450.

5.      Thomas Patton knowingly and voluntarily agrees to forfeit the $285,450.

6.      Thomas Patton knowingly and voluntarily agrees to relinquish all right, title, and interest in the $285,450.

7.      Thomas Patton knowingly and voluntarily agrees to waive his right to any civil judicial forfeiture proceedings (proceedings) concerning the $285,450.

8.      Thomas Patton knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $285,450 arising from the facts and circumstances of this case.

9.      Thomas Patton knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the $285,450.

10.     Thomas Patton knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceeding concerning the $285,450.

11.     Thomas Patton knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $285,450.

12.     Thomas Patton knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $285,450.

13.     Thomas Patton knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $285,450.

14.    Thomas Patton knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $285,450.

15.    Thomas Patton knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $285,450 to the United States.

16.    Thomas Patton understands that the forfeiture of the $285,450 shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Thomas Patton in addition to forfeiture.

17.    Thomas Patton knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Thomas Patton and Order (Settlement Agreement).

18.    Thomas Patton knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Reno Police Department, the Sparks Police Department, the Department of the United States Treasury, and their agencies, their agents, and their employees from any claim made by Thomas Patton or any third party arising out of the facts and circumstances of this case.

19.    Thomas Patton knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Reno Police Department, the Sparks Police Department, the Department of the United States Treasury, and their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Thomas Patton now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

1    20.    Thomas Patton knowingly and voluntarily acknowledges, understands, and

2    agrees that (a) federal law requires the Department of the United States Treasury and other

3    disbursing officials to offset federal payments to collect delinquent tax and non-tax debts

4    owed to the United States and to individual states (including past-due child support); (b) if

5    an offset occurs to the payment to be made pursuant to this agreement, they will receive a

6    notification from the Department of the United States Treasury at the last address provided

7    by them to the governmental agency or entity to whom the offset payment is made; (c) if

8    they believe the payment may be subject to an offset, they may contact the Treasury

9    Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax

10   obligations fines, penalties, or any other monetary obligations owed to the United States or

11   an individual state; and (e) the exact sum delivered to Jacek W. Lentz, on behalf of him,

12   may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction

13   of a debt obligation.

14    21.    After the property is forfeited in the civil case and the United States District

15   Court has signed the Settlement Agreement concerning the property, within a practicable

16   time thereafter for the United States, the United States agrees to release to Thomas Patton

17   one payment of $99,907.50 less any debt owed to the United States, any agency of the

18   United States, or any debt in which the United States is authorized to collect, through

19   Jacek W. Lentz via his client trust account. Thomas Patton's funds are to be transferred to

20   the client trust account of Claimant's attorney Jacek W. Lentz. Thomas Patton knowingly

21   and voluntarily agrees to fill out the Department of the United States Treasury Automated

22   Clearing House (ACH) form accurately and correctly and submit it to the United States

23   Attorney's Office so that the payment of the money can be disbursed by electronic fund

24   transfer. Thomas Patton knowingly and voluntarily agrees the $99,907.50 may be offset by

25   any debt owed to the United States, any agency of the United States, or any debt in which

26   the United States is authorized to collect.

27    22.    Each party acknowledges and warrants that its execution of the Settlement

28   Agreement is free and is voluntary.

23.     The Settlement Agreement contains the entire agreement between the parties.

24.     Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

25.     The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

26.     This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

27.     Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

28.     This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2  reasonable cause for the seizure and forfeiture of the $285,450.

3  Dated: _____                    Dated: MARCH 8, 2021

4  The Lentz Law Firm, P.C.                   CHRISTOPHER CHIOU
                                              Acting United States Attorney
5
                                              _____
6  _____             JAMES A. BLUM
   JACEK W LENTZ                              Assistant United States Attorney
7  Counsel for Thomas Patton                 Attorneys for the United States

8

9  Dated: _____

10

11 _____

   Thomas Patton
12

13

14

15
                                              IT IS SO ORDERED:
16

17

18                                            _____
                                              UNITED STATES DISTRICT JUDGE
19
                                              DATED: __4/13/2021_____
20

21

22

23

24

25

26

27

28

6

DocuSign Envelope ID: D4A0C1B8-5CB5-46C8-A53E-C444C2FE6BC7

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  JAMES A. BLUM
   Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  (702) 388-6336
   james.blum@usdoj.gov
6  *Attorneys for the United States*

7

8                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
9

10  UNITED STATES OF AMERICA,                3:20-CV-703-MMD-CLB

11                  Plaintiff,
                                             **Settlement Agreement for Entry of**
12        v.                                 **Judgment of Forfeiture as to**
                                             **Thomas Patton and Order**
13
    $285,450.00 IN UNITED STATES
14  CURRENCY,

15                  Defendant.

16

17        The United States and Thomas Patton and his counsel, Jacek W. Lentz, agree as

18  follows:

19        1.      This case is a civil forfeiture action seeking to forfeit $285,450 under 18

20  U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

21        2.      Thomas Patton does not admit (1) the facts in the Complaint for Forfeiture

22  in Rem (Complaint, ECF No. __) and (2) that the United States can prove by

23  preponderance of the evidence the facts in the Complaint. This Settlement Agreement for

24  Entry of Judgment of Forfeiture as to Thomas Patton and Order (Settlement Agreement)

25  shall not constitute an admission of liability, wrongdoing, or fault on the part of Thomas

26  Patton, and to avoid delay, uncertainty, inconvenience, and expense of protracted

27  litigation, the United States and Thomas Patton reach a full and final settlement in this

28  Settlement Agreement.

1    3.    The execution of this agreement does not constitute any admission of

2  wrongdoing or fact by Thomas Patton or any other party except as otherwise expressly

3  provided herein. This agreement is not admissible in any proceeding, civil or criminal,

4  except for purposes of enforcing or interpreting the terms of the agreement.

5    4.    Thomas Patton knowingly and voluntarily agrees to the civil judicial

6  forfeiture of the $285,450.

7    5.    Thomas Patton knowingly and voluntarily agrees to forfeit the $285,450.

8    6.    Thomas Patton knowingly and voluntarily agrees to relinquish all right, title,

9  and interest in the $285,450.

10    7.    Thomas Patton knowingly and voluntarily agrees to waive his right to any

11  civil judicial forfeiture proceedings (proceedings) concerning the $285,450.

12    8.    Thomas Patton knowingly and voluntarily agrees to waive service of process

13  of any and all documents filed in this action or any proceedings concerning the $285,450

14  arising from the facts and circumstances of this case.

15    9.    Thomas Patton knowingly and voluntarily agrees to waive any further notice

16  to him, his agents, or his attorney regarding the forfeiture and disposition of the $285,450.

17    10.    Thomas Patton knowingly and voluntarily agrees not to file any claim,

18  answer, petition, or other documents in any proceeding concerning the $285,450.

19    11.    Thomas Patton knowingly and voluntarily agrees to withdraw any claims,

20  answers, counterclaims, petitions, or other documents he filed in any proceedings

21  concerning the $285,450.

22    12.    Thomas Patton knowingly and voluntarily agrees to waive the statute of

23  limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime

24  Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional

25  requirements, and the constitutional due process requirements of any forfeiture proceedings

26  concerning the $285,450.

27    13.    Thomas Patton knowingly and voluntarily agrees to waive his right to a trial

28  on the forfeiture of the $285,450.

2

14.     Thomas Patton knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $285,450.

15.     Thomas Patton knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $285,450 to the United States.

16.     Thomas Patton understands that the forfeiture of the $285,450 shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Thomas Patton in addition to forfeiture.

17.     Thomas Patton knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Thomas Patton and Order (Settlement Agreement).

18.     Thomas Patton knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Reno Police Department, the Sparks Police Department, the Department of the United States Treasury, and their agencies, their agents, and their employees from any claim made by Thomas Patton or any third party arising out of the facts and circumstances of this case.

19.     Thomas Patton knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Reno Police Department, the Sparks Police Department, the Department of the United States Treasury, and their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Thomas Patton now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

3

20.    Thomas Patton knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Jacek W. Lentz, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

21.    After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Thomas Patton one payment of $99,907.50 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Jacek W. Lentz via his client trust account. Thomas Patton's funds are to be transferred to the client trust account of Claimant's attorney Jacek W. Lentz. Thomas Patton knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. Thomas Patton knowingly and voluntarily agrees the $99,907.50 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

22.    Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

1      23.    The Settlement Agreement contains the entire agreement between the

2   parties.

3      24.    Except as expressly stated in the Settlement Agreement, no party, officer,

4   agent, employee, representative, or attorney has made any statement or representation to

5   any other party, person, or entity regarding any fact relied upon in entering into the

6   Settlement Agreement, and no party, officer, agent, employee, representative, or attorney

7   relies on such statement or representation in executing the Settlement Agreement.

8      25.    The persons signing the Settlement Agreement warrant and represent that

9   they have full authority to execute the Settlement Agreement and to bind the persons

10   and/or entities, on whose behalf they are signing, to the terms of the Settlement

11   Agreement.

12      26.    This Settlement Agreement shall be construed and interpreted according to

13   federal forfeiture law and federal common law.  The jurisdiction and the venue for any

14   dispute related to, and/or arising from, this Settlement Agreement is the unofficial

15   Northern Division of the United States District Court for the District of Nevada, located in

16   Reno, Nevada.

17      27.    Each party shall bear his or its own attorneys' fees, expenses, costs, and

18   interest.

19      28.    This Settlement Agreement shall not be construed more strictly against one

20   party than against the other merely by virtue of the fact that it may have been prepared

21   primarily by counsel for one of the parties; it being recognized that both parties have

22   contributed substantially and materially to the preparation of this Settlement Agreement.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

5

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2   reasonable cause for the seizure and forfeiture of the $285,450.

3   Dated: _March 1, 2021_               Dated: _____

4   The Lentz Law Firm, P.C.            NICHOLAS A. TRUTANICH
                                        United States Attorney
5
     _Jacek W. Lentz_                   _____
6   JACEK W LENTZ                       JAMES A. BLUM
    _Counsel for Thomas Patton_          Assistant United States Attorney
7                                        _Attorneys for the United States_

8

9   Dated: ___3/1/2021___

10
    DocuSigned by:
11  _Thomas Patton_
    Thomas Patton
12

13

14

15
                                        IT IS SO ORDERED:
16

17
                                        _____
18                                      UNITED STATES DISTRICT JUDGE

19
                                        DATED: _____
20

21

22

23

24

25

26

27

28

6